UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| IQVIA INC., | : |
| Plaintiff, | : Civil Action No. 21-cv-20009 (JXN) (JSA) |
| v. | : OPINION |
| VEEVA SYSTEMS, INC., and PETER STARK, | : |
| Defendants. | : |

**NEALS**, District Judge:

**THIS MATTER** comes before the Court on the motion brought by Plaintiff IQVIA Inc. ("IQVIA" or "Plaintiff"), by order to show cause, for a temporary restraining order and preliminary injunction [ECF No. 4] against Defendants Veeva Systems, Inc. ("Veeva") and Peter Stark ("Stark") (collectively, "Defendants") pursuant to Federal Rule of Civil Procedure 65. Defendants filed a joint brief in opposition wherein they assert an informal motion to dismiss pursuant to the first-filed rule, among other arguments [ECF No. 15]. Having heard oral argument and considered the parties' submissions, for the reasons set forth below, the Court will dismiss this action without prejudice based on the first-filed rule and deny IQVIA's motion [ECF No. 4].

**I.     BACKGROUND AND PROCEDURAL HISTORY**

This matter involves an employment dispute between IQVIA, its former employee Stark, and Veeva, IQVIA's direct competitor in the market research, technology applications, and the life sciences industry. At the crux of the parties' dispute is the validity and enforceability of IQVIA's Confidentiality and Restrictive Covenant Agreement ("restrictive covenants" or "CRCA"). Compl. ¶ 60, ECF No. 1. IQVIA claims that Stark breached the CRCA's confidentiality and non-

compete provisions. *Id.* ¶¶ 118-124, ECF No. 1. The CRCA restricts services for an IQVIA competitor or for "any Person that are likely to result in [the] use or disclosure of any Confidential Information," for one year after the end of employment. *Id.* ¶ 62. Plaintiff further claims that Veeva tortiously interfered with Stark's contract by, among other things, "soliciting Stark to resign from IQVIA while Stark was still an IQVIA employee and join Veeva before the expiration of the one-year restricted period under the CRCA." *Id.* ¶ 135. Since September 2021, these same parties IQVIA, Veeva and Stark, have appeared in three separate courts in both California and New Jersey regarding their dispute. Presently, the parties are litigating this issue in two federal cases, namely, the instant matter ("*Stark III*"), and the earlier-filed case: *Veeva Sys. Inc. et al. v. IQVIA, Inc.*, 3:21-cv-07749 (VC) ("*Stark II*"), pending in the Northern District of California, which was removed by IQVIA from the Superior Court of the State of California ("*Stark I*").[1] *See* Cert. of Chris Baker ("Baker Cert."), Ex. 10 ("California State Court Complaint"), ECF No. 15-1 at 126-140; Baker Cert., Ex. 12 ("Notice of Removal"), ECF No. 15-1 at 150-155.[2]

IQVIA is a Delaware corporation with a principal place of business in Pennsylvania. Compl. ¶ 18. Veeva is a Delaware corporation with a principal place of business in California. *Id.* ¶ 19. IQVIA and Veeva are direct competitors in the business of providing market research, technology applications, and other services to the life sciences industry. *Id.* ¶ 20. Stark worked for IQVIA from January 2016 to September 2021. *Id.* ¶¶ 45, 86. During that time, Stark served as the Vice President and General Manager of IQVIA's Marketing division. *Id.* ¶ 48. IQVIA claims that Stark was a key member of IQVIA's U.S. business team and that he played an integral role in developing the strategy that allowed IQVIA to expand in the highly competitive world of

---

[1] The state court action is captioned *Veeva Sys. Inc. et al. v. IQVIA, Inc.*, case no. RG21111679.
[2] For sake of clarity, the Court cites to the page number listed in the ECF header.

digital marketing analytics. *Id.* ¶ 49. On September 2, 2021, Stark accepted a job from Veeva as its Executive Vice President of Commercial Strategy and resigned from his position with IQVIA. *Id.* ¶¶ 85-86, 93.

Following Stark's resignation from IQVIA, Veeva and Stark commenced *Stark I* in the Superior Court of the State of California, challenging the validity of IQVIA's restrictive covenants. *See* California State Court Complaint, ECF No. 15-1 at 126. In *Stark I*, Veeva and Stark demanded declaratory and injunctive relief with respect to Veeva's recruitment and employment of Stark in light of IQVIA's restrictive covenants. More specifically:

a) A declaratory judgment ruling finding that Veeva has and had the right to solicit IQVIA's employees for employment, including Stark.

b) A declaratory judgment ruling that the non-compete/non-disclosure provisions ("NCA/NDAs") are illegal, unenforceable, and/or that Stark's upcoming employment with Veeva does not violate these NCA/NDAs.

c) An injunction enjoining IQVIA from engaging in unfair competition relating to recruitment of IQVIA's employees when it requires employees, including Stark, to enter into NCA/NDAs.

d) An injunction enjoining IQVIA from engaging in unfair competition when it requires employees, including Stark, to enter into NCA/NDAs.

California State Court Complaint, ECF No. 15-1 at 126-140. On October 4, 2021, IQVIA filed its answer in *Stark I* (Baker Cert., Ex. 11, ECF No. 15-1 at 142) and a notice of removal action in the Northern District of California, thus creating *Stark II* (Baker Cert., Ex. 12, ECF No. 15-1 at 150). Currently pending in *Stark II* is Veeva's and Stark's motion to remand. *See* Baker Cert. ¶ 11, ECF No. 15-1.

Approximately six weeks later, on November 15, 2021, IQVIA filed a five-count Complaint against Veeva and Stark in New Jersey District Court (*Stark III*). *See* Compl. As noted above, IQVIA claims that Stark breached the confidentiality and non-compete provisions in his employment agreement, *id.* ¶¶ 118-124, and Veeva tortiously interfered with Stark's contract, *id.*

3

¶ 135.  As a result, IQVIA seeks injunctive relief and damages for "Defendants' flagrant breach of, and tortious interference with, unambiguous non-competition, non-solicitation, and confidentiality obligations Defendant Stark owes his former employer, IQVIA."  *Id.* ¶ 1.  More specifically, IQVIA seeks temporary, preliminary and permanent relief:

- a) enjoining Stark from (1) continuing employment with Veeva in violation of his non-competition obligations; (2) directly or indirectly soliciting IQVIA customers, prospective customers, employees, suppliers, or consultants in violation of his non-solicitation obligations; and (3) violating his confidentiality obligations; and

- b) enjoining Veeva from (1) employing Stark within the one-year restrictive period under the CRCA; (2) tortiously interfering with Stark's obligation under the CRCA not to directly or indirectly solicit IQVIA employees, customers, prospective customers, suppliers, or consultants during the one-year restrictive period; (3) tortiously interfering with Stark's confidentiality obligations under the CRCA; and (4) tortiously interfering with any other IQVIA employees' contracts with IQVIA.

*Id.* ¶ 16.  IQVIA also seeks declaratory relief, as well as compensatory and punitive damages and other monetary relief, to redress the harm that it claims was caused by Defendants' wrongful conduct.  *Id.* ¶ 17.

Concurrent with the commencement of *Stark III*, IQVIA, by way of an order to show cause, filed a motion for a temporary restraining order and preliminary injunction in the instant matter. IQVIA's motion seeks the following:

- a) An Order temporarily, and for the pendency of this litigation, preliminarily enjoining Stark from:

    - i. Continuing employment with Veeva within the one-year restrictive period under the CRCA;

    - ii. Directly or indirectly soliciting IQVIA employees, customers, prospective customers, suppliers, or consultants during the one-year restrictive period under the CRCA; and

    - iii. Violating his confidentiality obligations under the CRCA.

- b) An Order temporarily, and for the pendency of this litigation, preliminarily, enjoining Veeva from:

      i.      Continuing employment with Veeva within the one-year restrictive period under the CRCA;

      ii.     Employing Stark within the one-year restrictive period under the CRCA;

      iii.    Tortiously interfering with Stark's obligation under the CRCA not to directly or indirectly solicit IQVIA employees, customers, prospective customers, suppliers, or consultants during the one-year restrictive period; and

      iv.    Tortiously interfering with any other IQVIA employees' contracts with IQVIA.

IQVIA's Br. at 38-39, ECF No. 4-6. IQVIA argues that injunctive relief is "urgently needed" to protect it from the irreparable harm it is suffering and will continue to suffer, as Stark unlawfully defects to Veeva. *Id.* at 1.[3]

In response, Defendants argue that IQVIA's "pre-Thanksgiving fire drill" is part of IQVIA's "convoluted scheme" to have the parties' California federal case (*Stark II*) transferred to New Jersey based on the commencement of *Stark III*. Defs.' Br. at 1, ECF No. 15. Therefore, Defendants contend that this case should be dismissed or stayed pursuant to the first-filed rule. *Id.* at 15-17. Alternatively, Defendants argue that this case should be dismissed for lack of subject matter jurisdiction and that the Court's Order to Show Cause should be dissolved and the motion for a preliminary injunction denied. *Id.* at 2.

The asserted basis for subject-matter jurisdiction over this action is under Article III and 28 U.S.C. § 1331 because Plaintiff asks this Court to interpret and apply the Dormant Commerce Clause of the United States Constitution. Compl. ¶ 22. IQVIA further seeks a judgment declaring that it is unconstitutional to apply California law to the interpretation and enforcement of non-competition, non-solicitation, and confidentiality agreements entered into and existing between IQVIA and its employees, including Stark, who reside in and work from states other than

---

[3] In light of the issues raised in IQVIA's motion, the Court entered an Order temporarily enjoining and restraining Defendants from certain conduct. *See* ECF No. 7. The Court also set a briefing schedule and hearing for oral argument on IQVIA's motion. *Id.*

California. *Id.* ¶ 23. Plaintiff further asserts as to the jurisdictional basis that the interpretation and enforceability of such agreements are, under the Dormant Commerce Clause, to be decided under the law of the state chosen by the parties in such agreements or, alternatively, the law of the state where the employee lives and works. *Id.* Plaintiff further alleges that Veeva contends that California's Unfair Competition Law instead governs the validity and enforceability of IQVIA's non-competition, non-solicitation, and confidentiality agreements with Veeva employees who reside and work in other states when, as here, they are employed by a company based in California, and California law renders such agreements invalid. Veeva further contends that it is unconstitutional under the Dormant Commerce Clause to apply any law other than the law of California to those agreements to the extent that other law permits the enforcement of restrictive covenants. *Id.* ¶ 24.

## II. DISCUSSION

### A. First-Filed Rule

Defendants argue that this action should be either dismissed or stayed under the first-filed rule. Defs.' Br. at 15-17. Defendants contend that because there is "an active litigation involving *identical* parties and *identical* subject matter [] currently pending in the Northern District of California," and because no exception to the first-filed rule applies, the first-filed action in Northern District of California should proceed and this matter should either be dismissed or stayed. *Id.* IQVIA counters that the first-filed rule does not apply because Defendants were forum shopping and commenced *Stark I* to litigate their claims in a more "sympathetic forum." IQVIA's Reply Br. at 12, ECF No. 18. The Court will address the parties' arguments in turn.

The "first-filed rule" or "first-to-file rule" permits "trial judges to exercise their discretion by enjoining the subsequent prosecution of similar cases . . . in different federal district courts."

*MacLean v. Wipro Ltd.*, No. CV 20-3414 (FLW), 2020 WL 7090746, at *5 (D.N.J. Dec. 4, 2020) (citing *E.E.O.C. v. Univ. of Pennsylvania*, 850 F.2d 969, 971 (3d Cir. 1988) *aff'd*, 493 U.S. 182 (1990)). "The letter and the spirit of the first-filed rule . . . are grounded on equitable principles" and "the rule's primary purpose is to avoid burdening the federal judiciary and to prevent the judicial embarrassment of conflicting judgments." *Id.* at 977 (citations omitted) (emphasis added). Therefore, where related suits "involving the same parties and subject matter are pending concurrently, the first-filed suit should have priority absent a showing that the balance of inconvenience favors transfer or unless there are special circumstances which justify giving priority to the second suit." *Ricoh Co. v. Honeywell, Inc.*, 817 F. Supp. 473, 487 (D.N.J. 1993). The rule "encourages sound judicial administration and promotes comity among federal courts of equal rank." *E.E.O.C.*, 850 F.2d. at 972. "In determining the applicability of the first-filed rule, courts in the Third Circuit examine the chronology of the actions in addition to the overlapping subject matter, issues, claims, and parties." *Worthington v. Bayer Healthcare, LLC*, No. 11-2793, 2012 WL 1079716, at *3 (D.N.J. Mar. 30, 2012) (citing *Catanese v. Unilever*, 774 F.Supp.2d 684, 687–89 (D.N.J. 2011)). Once a court determines that the first-filed rule applies, the rule permits district court to stay, transfer or dismiss a duplicative later-filed action. *MacLean*, 2020 WL 7090746, at *5; *Clean Harbors, Inc. v. ACSTAR Ins. Co.*, No. 09-cv-5175 (RBK)(AMD), 2010 WL 1930579, at *4 (D.N.J. May 12, 2010); *Keating Fibre Int'l, Inc. v. Weyerhaeuser Co.,* 416 F.Supp.2d 1048, 1052–53 (E.D.Pa. 2006).

Notwithstanding the above, the first-filed rule is neither rigidly applied nor absolute. *EEOC*, 850 F.2d at 972. The rule is grounded in equitable principles and thus a court may decline to apply the rule on the basis of "(1) rare or extraordinary circumstances; (2) inequitable conduct; (3) bad faith; (4) forum shopping; (5); where the later-filed action has developed further than the

first-filed action; and (6) 'when the first filing party instituted suit in one forum in anticipation of the opposing party's imminent suit in another, less favorable, forum.'" *Id.* at 976; *see also Catanese*, 774 F. Supp. 2d at 690 (the rule does not apply "where there is evidence of bad faith, anticipatory suit, or forum shopping.").

Although IQVIA does not contest the chronology of the two federal court actions (*Stark II* and *III*) or refute the overlap between the two cases as to the subject matter, issues, claims, and parties, the Court notes that all the first-filed rule factors are met here. First, the California federal court action ("*Stark II*") was filed before the instant matter. *Compare* California State Court Complaint, ECF No. 15-1 at 126 (complaint filed on September 2, 2021), *and* Notice of Removal, ECF No. 15-1 at 150 (California state court action removed to the Northern District of California on October 4, 2021), *with* Compl. (New Jersey federal court action filed on November 15, 2021). Second, both federal court actions involve identical parties – IQVIA, Veeva, and Peter Stark. Finally, the California federal action and the instant matter are truly duplicative. Both actions seek declarations regarding the validity and enforceability of IQVIA's restrictive covenants and a determination of whether Veeva is permitted to solicit IQVIA's employees. *Compare* Compl., *with* California State Court Complaint, ECF No. 15-1 at 126. If this Court were to decide the present dispute, there would be nothing for the *Stark II* court to decide.

IQVIA argues that the first-filed rule does not apply because Defendants were forum shopping and commenced *Stark I* to litigate their claims in a more "sympathetic forum." IQVIA's Reply Br. at 12, ECF No. 18. The Court finds this argument unpersuasive. Nothing in the record suggests that either a California or New Jersey federal court forum favors Defendants, or that Defendants filed in California to achieve an advantage. Whether California's Unfair Competition Law governs the validity and enforceability of IQVIA's CRCA is an issue yet to be decided as the

8

choice-of-law provision has not been litigated.  The parties do not dispute that IQVIA's restrictive covenants contain a Delaware choice of law provision.  Instead, the parties dispute whether that choice of law provision governs the agreements.  *See* Defs.' Br. at 17-18.  The Northern District of California, like this Court, is more than capable of reviewing the parties' agreements and fairly adjudicating the parties' claims and issues.  Thus, there is no apparent advantage to be gained by litigating in the Northern District of California.

Defendants' California action does not appear to be commenced in bad faith or in anticipation of the opposing party's imminent suit.  As Defendants note, Veeva and Stark filed *Stark I* to settle the matter of IQVIA's "overbroad restrictive covenant *before* Mr. Stark is scheduled to commence his employment with [Veeva]." Defs. Br. at 17 (emphasis in original).  It naturally follows that a party subject to a restrictive covenant will seek legal action regarding the validity of that restrictive covenant if it prohibits him from seeking employment opportunities.  Moreover, it cannot be definitively asserted that IQVIA's lawsuit was "imminent" where it notified Stark that it would sue him on September 2, 2021, and filed the *Stark III* Complaint and its "Emergency" motion approximately two months thereafter.

Finally, although New Jersey has ties to the parties, California equally appears to be a convenient venue for all the parties involved.  Veeva is located in California, Stark's employment with Veeva is California-based, and IQVIA has multiple operations in California.  *See* Tr. 44:8-45:7, ECF No. 23 (Jon Resnick, the President of IQVIA's regional business unit for the United States and Canada, testified that IQVIA has "a few" offices in California and "some big clients on the West Coast.").  IQVIA asserts that "[w]e don't want to litigate the injunction against the New Jersey resident in a California courthouse, and we shouldn't have to." *Id.* 15:11-13.  The Court in reviewing the first-filed rule factors, however, must disagree.  Counsel for IQVIA represented at

9

oral argument that it anticipates moving to transfer *Stark II* to this Court, which is contingent upon disposition of the pending motion in that case to remand the action to the California State Court. *Id.* 15:17-25. This is precisely the type of "subsequent prosecutions" the first-filed rule permits trial judges to enjoin. *See MacLean v. Wipro Ltd.*, 2020 WL 7090746, at *5. Action by this Court prior to determination of the *Stark II* remand motion would run counter to the essence of the first-filed rule. Accordingly, the Court finds that this dispute falls squarely within the first-filed rule and no exception to the rule applies such that this action should continue here.

### B. Dismissal

Having concluded that the first-filed rule applies, it is then incumbent upon the Court to decide whether this action should be dismissed, stayed, or transferred pursuant to 28 U.S.C. § 1404(a). *Keating Fibre,* 416 F.Supp.2d at 1052–53. Without much discussion, Defendants expressly state that this matter should be dismissed or stayed. Defs.' Br. at 17. Neither party meaningfully addressed whether the matter should be dismissed, stayed, or transferred. Under these circumstances, the Court finds that this action is appropriately dismissed without prejudice. *See Clean Harbors, Inc*, 2010 WL 1930579, at *6 (finding that an action is appropriately dismissed without prejudice under the first-filed rule where the parties do not meaningfully address a stay).

### C. IQVIA's Motion for an Order to Show Cause

Because the Court will dismiss this action pursuant to the first-filed rule, IQVIA's motion for an order to show cause for a temporary restraining order and preliminary injunction is denied. The Court declines to consider the merits of IQVIA's motion. *See, e.g.*, *Luellen v. Luellen*, Civ. No. 12-496, 2013 WL 1182958, at *5 n.9 (W.D. Pa. Mar. 21, 2013) (denying motion for preliminary injunction where complaint is dismissed in its entirety). The Order temporarily enjoining and restraining Defendants from certain conduct is hereby dissolved. *See* ECF No. 7.

### III.  CONCLUSION

For the reasons discussed herein, IQVIA's Complaint [ECF No. 1] is **DISMISSED WITHOUT PREJUDICE** and its motion for an order to show cause for a temporary restraining order and preliminary injunction [ECF No. 4] is **DENIED**.  An Appropriate order will follow.


DATED: November 29, 2021

s/ Julien Xavier Neals
JULIEN XAVIER NEALS
United States District Judge